UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA SEISS, | Civil Action No.: 11-763 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), which was filed by the Government on May 12, 2011.  The Court has considered the submissions of the parties in support of and in opposition to the present motion and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Government's motion is granted.

**I.        LEGAL STANDARD AND BACKGROUND**

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim.  A motion under Rule 12(b)(1) "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  The Government styles its motion as a factual subject matter jurisdiction challenge.  (Br. in Supp. of Def. United States of

America's Mot. to Dismiss ["Gov't Br."], at 3.)  In a factual attack, the court is not confined to the pleadings, but may weigh and consider evidence outside the pleadings in order to satisfy itself that it has jurisdiction over the matter.  Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

The facts relevant to the instant motion are undisputed.  Plaintiff was involved in a slip and fall incident on or about May 5, 2009, on the stairs outside the United States Post Office in Linden, New Jersey.  (Compl. ¶ 5.)  On December 24, 2009, a notice of claim was served on the United States Postal Service (USPS) on Plaintiff's behalf.  (Gov't Br., Decl. of M. Kevin Coffey, ¶ 3 and Ex. A.)  The USPS denied Plaintiff's claim by way of a written correspondence dated May 5, 2010, which was sent to Plaintiff by certified mail.  (Id. at Ex. B.)  On February 10, 2011, Plaintiff filed a Complaint in this Court, alleging claims based on the May 5 slip and fall incident.  (Compl. ¶ 5.)  The Government now moves to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff's Complaint was not timely filed.

## II.    DISCUSSION

Plaintiff asserts tort claims against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 et seq.  (Compl. ¶ 3.)  Section 2401(b) of the FTCA provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  The Government contends that Plaintiff's Complaint should be dismissed because it was not filed within sixty days after the USPS mailed its notice of denial.  Plaintiff's sole argument in response is that § 2401(b) is phrased in the disjunctive, pointing to the language

of the statute which states that a claim is barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues <u>or</u> unless action is begun" in a District Court within six months after the agency mails a notice of denial.  <u>Id.</u> (emphasis added).  Plaintiff thus contends that because she filed a notice of claim with the USPS within two years after the accrual of her claim, her Complaint here is timely regardless of when it was filed.

Statutory language should ordinarily be regarded as conclusive absent a clearly expressed legislative intent to the contrary.  <u>AMP Inc. v. United States</u>, 820 F.2d 612, 615 (3d Cir. 1987).  With respect to § 2401(b), the legislative history clearly shows that Congress intended both that a claimant file with the appropriate agency within two years after a claim accrues and that the claimant file a complaint in the District Court within six months after the agency denies the claim.  The Report of the House Committee states:

> This section amends the provisions of section 2401, the limitations section, to conform the section to the amendments added by the bill.  The amendments have the effect of simplifying the language of section 2401 to require that a claimant must file a claim in writing to the appropriate Federal agency within 2 years after the claim accrues, <u>and</u> to further require the filing of a court action within 6 months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented.

H.R. Rep. No. 89-1532, at 5 (1966) (emphasis added).  The Senate Report states:

> The purpose of the bill is to provide authority to the heads of Federal agencies for administrative settlement of tort claims against the United States.  Settlements for more than $25,000 must have the prior written approval of the Attorney General or his designee.  A claim would have to be filed with the agency concerned within 2 years after it accrues <u>and</u> any tort action must be brought within 6 months after final denial of the administrative claim.

S. Rep. No. 89-1327, at 1 (1966) (emphasis added).  The House and Senate Reports thus evidence a clear legislative intent to require a claimant to satisfy both of the limitations periods

under § 2401(b).

Furthermore, the Second, Fifth, Sixth, and District of Columbia Circuit Courts of Appeals have all explicitly held that § 2401(b)'s limitations periods must be read in the conjunctive. See Willis v. United States, 719 F.2d 608, 610–613 (2d Cir. 1983); Houston v. U.S. Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987); Ellison v. United States, 531 F.3d 359, 362–63 (6th Cir. 2008); Schuler v. United States, 628 F.2d 199, 201–02 (D.C. Cir. 1980) (en banc) (per curiam). All of the other Circuits, including the Third Circuit by way of an unreported decision, have assumed without discussion that both deadlines must be met. See Velez-Diaz v. United States, 507 F.3d 717, 719 (1st Cir. 2007); Gordon v. Pugh, 235 F. App'x 51, 53 (3d Cir. 2007); Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986); McNeil v. United States, 964 F.2d 647, 648 (7th Cir. 1992); Slaaten v. United States, 990 F.2d 1038, 1041 (8th Cir. 1993); Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984); In re Franklin Savings Corp., 385 F.3d 1279, 1287 (10th Cir. 2004); Phillips v. United States, 260 F.3d 1316, 1317 (11th Cir. 2001).

This Court thus follows the great weight of authority and the clear intent of Congress to conclude that both limitations periods under § 2401(b) must be satisfied in order for an FTCA complaint to be timely. The FTCA waives the sovereign immunity of the United States, and its limitations provision "is the balance struck by Congress in the context of tort claims against the Government." United States v. Kubrick, 444 U.S. 111, 117 (1979). The Court therefore may not "extend the waiver beyond that which Congress intended," id. at 118, nor is the Court "free to construe [§ 2401(b)] so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims," id. at 117 (citing Campbell v. Haverhill, 155 U.S. 610, 617 (1895)). Plaintiff's construction of the statute, by contrast, would permit claimants who have been denied

by an agency to wait as long as they wish before filing with the District Court. Such a reading would completely eliminate the limitations period on federal court filings in this context and would surely "extend the waiver beyond that which Congress intended." Thus, as Plaintiff concedes that her Complaint was filed more than six months after the USPS sent its notice of final denial by certified mail, (see Br. Submitted on Behalf of the Pl. in Opp'n to the Def.'s Mot. to Dismiss, at 1), the Court concludes that Plaintiff's Complaint is untimely under 28 U.S.C. § 2401(b). The Court therefore lacks subject matter jurisdiction over this action.

### III.   CONCLUSION

For the foregoing reasons, the Government's motion is granted. An appropriate Order accompanies this Opinion.


DATED: June 20, 2011                            /s/ Jose L. Linares
                                                JOSE L. LINARES
                                                UNITED STATES DISTRICT JUDGE